HORACE P. STORER *et als. vs.* JAMES H. HAYNES.

Penobscot. Decided October 19, 1877.

*Amendment. Bankruptcy.*

An officer by leave of court may amend his return by certifying that he kept the execution to a date later than the date named in his first return.

The Rev. Stat. of the United States, § 5044, dissolves an attachment on mesne process only. It does not relate to proceedings on final process. It does not dissolve the lien created by seizure of the property of the debtor on execution.

After judgment of this court charging a trustee, a demand by an officer on the trustee by virtue of an execution issued on such judgment within thirty days from its rendition, is equivalent to a seizure of the property of the debtor on execution, and the creditor's lien by virtue thereof is not dissolved by the statute above cited.

ON EXCEPTIONS, stated in the opinion.

SCIRE FACIAS.

*H. L. Mitchell,* for the plaintiffs.

*L. Barker, T. W. Vose & L. A. Barker,* for assignee.

LIBBEY, J. This is *scire facias* against the defendant as trustee of Henry O. Perry. On the 18th of March, 1876, these plaintiffs commenced a suit against said Perry and the defendant as his trustee, returnable to the April term of this court, Penobscot county. The writ was served on the trustee, March 19, 1876. The action was duly entered at said April term, and judg-

ment was rendered against the principal defendant and the trustee on default, May 16, 1876, and execution was duly issued on the judgment, May 19, 1876 ; and was put into the hands of a deputy sheriff for said county, who made due demand on the trustee, May 25, 1876. The execution remained in the hands of the officer during its life, and he made due return of the demand, and *nulla bona.* The first return of the officer was dated August 16, 1876, but at the trial he was permitted by the court, against the objection of the defendant, to amend his return by certifying that he kept the execution till the second day of September, 1876.

The only grounds of defense set up by the defendant were, the objections to the officer's return, and that he was notified by Joseph B. Hutchinson, December 30, 1876, that he claimed the funds in his hands as assignee in bankruptcy of said Perry. Said Hutchinson asked leave to appear and claim the funds in the hands of the defendant, as assignee in bankruptcy of said Perry, and was permitted to do so. Perry filed his petition to be declared a bankrupt, in the office of the clerk of the district court of the United States for the district of Maine, July 17, 1876 ; was duly adjudged a bankrupt, and on the 8th of November, 1876, said Hutchinson was appointed his assignee, and the estate of said Perry was duly conveyed to him by the register in bankruptcy.

Upon these facts the presiding judge rendered judgment against the defendant, and said claimant excepted. We think the rulings correct.

The amendment of the officer's return was properly allowed. *Woods* v. *Cooke*, 61 Maine, 215.

The principal ground relied upon by the claimant is that the proceedings in bankruptcy, having been commenced within four months from the service of the writ on the trustee, by virtue of the Rev. Stat. of the United States, § 5044, the attachment of the goods, effects or credits of the bankrupt in the hands of the trustee, by the trustee process, was dissolved, and that the title thereto passed to him as assignee absolutely as of the 17th of July, 1876. The statute relied upon reads as follows : "As soon as an assignee is appointed and qualified, the judge, or when there is no opposing interest, the register, shall, by an instrument under his hand,

assign and convey to the assignee, all the estate real and personal of the bankrupt, with all his deeds, books and papers, relating thereto, and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings." The attachment referred to in this section is an attachment on mesne process. It is such attachment, made within four months, &c., that is dissolved by bankruptcy. It does not relate to proceedings on final process. It does not dissolve a lien created by seizure of the property of the debtor on execution, issued to enforce the judgment of the court. *Wilson* v. *City Bank*, 17 Wall. 473. In that case judgment was rendered against the debtor in the state court by default, execution issued, and on the same day the goods of the debtor were seized by an officer on the execution, and after the seizure, and before the sale, the debtor was adjudged a bankrupt, on petition of his creditors, filed after the seizure. The bankruptcy was within four months of the seizure. The officer afterwards sold the goods on the execution, and the court held that the proceeds of the sale belonged to the creditor, and not to the assignee of the bankrupt.

If at the time of the commencement of the proceedings in bankruptcy the plaintiffs' lien on the goods, effects or credits, in the hands of the trustee, existed by virtue of the attachment on mesne process only, then it was dissolved, and the property passed to the assignee.

But we think it did not exist by virtue of such attachment only. Judgment had been rendered charging the trustee. Execution had been issued against the goods, effects or credits of the debtor in the hands of the trustee. It had been put into the hands of an officer and demand had been duly made on the trustee within thirty days next after the rendition of judgment, and before the commencement of the proceedings in bankruptcy. The execution remained in the hands of the officer during its life and was duly

returned. The judgment charging the trustee is a determination by the court that he had goods, effects or credits of the debtor in his hands and possession, and that they were duly attached. If not demanded of the trustee by an officer, by virtue of an execution, within thirty days next after final judgment the attachment of them on the original process is dissolved; if so demanded the attachment becomes absolute and the creditor's lien is perfected. The demand by the officer by virtue of the execution is a seizure, on final process, of the goods, effects or credits in the hands of the trustee. It is equivalent to a seizure by an officer, by virtue of an execution, of goods attached on the original writ, within thirty days from the rendition of judgment. If the execution remains in the hands of the officer during its life, so that he may receive the goods, effects or credits if delivered to him by the trustee, and apply them in satisfaction thereof, and is duly returned unsatisfied, the personal liability of the trustee becomes fixed, unless he can show some legal defense; but this personal liability results from his refusal to deliver the goods, effects or credits in his hands, to which the creditors' lien had become absolute by the demand by virtue of the execution.

The result is that the bankruptcy of the debtor, upon the facts of this case, did not dissolve the plaintiffs' lien on the goods, effects or credits of the debtor, in the hands and possession of the trustee.                              *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS JJ., concurred.